**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

MARCOS MATA,

Plaintiff,

v. No. 2:21-cv-00217-JCH-GJF

CODY JOSEPH CADE and ULTERRA DRILLING TECHNOLOGIES, LIMITED PARTNERSHIP,

Defendants,

and

DAVIS W. SMITH, P.C.,

Intervenor-Plaintiff,

v.

MARCOS MATA, MASON W. HERRING, *Individually, and doing business as* HERRING LAW FIRM, and MASON W. HERRING, P.C., *doing business as* HERRING LAW FIRM,

Intervenor-Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Marcos Mata (Plaintiff)'s Motion to Remand (Mot., ECF No. 16) and an accompanying motion for attorney's fees and costs for time spent litigating against removal. Cody Joseph Cade and Ulterra Drilling Technologies, LP (Defendants) responded in opposition (Resp. ECF No. 18), to which Plaintiff filed a reply (Reply, ECF No. 23). The Court, having carefully considered the motion, briefs, and law, concludes that Plaintiff's motions will be denied.

## I. Background

In October 2019 in Lea County New Mexico, Mr. Cade was allegedly operating a commercial vehicle for his employer, Ulterra, when Mr. Cade struck Plaintiff's car and seriously injured Plaintiff. Compl., 3-4, ECF No. 1-1. About a year later, on October 19, 2020, Plaintiff filed a personal injury lawsuit in New Mexico state court against Defendants asserting theories of negligence. *Id*. at 4-6. The complaint stated that Plaintiff and Mr. Cade are New Mexico residents and that Ulterra had its principal place of business in Texas. *Id*. at 2-3.

Defendants removed the complaint in March 2021. Notice of Removal, ECF No. 1. According to their removal notice, Mr. Cade was domiciled in Texas when Plaintiff filed the October 2020 complaint. In an attached affidavit, Mr. Cade stated that he is from Texas and went to college there. Cade Aff., 2, ECF No. 1-2. He moved to Hobbs in July 2019 to take the job with Ulterra and signed a one-year apartment lease. *Id*. A few months later, in October 2019, the car wreck between Mr. Cade and Plaintiff occurred. Compl. at 3.

After he was laid off in May 2020 and his lease expired, Mr. Cade moved from New Mexico to Texas and lived with his parents there. Cade Aff. at 2. He maintained a Texas driver's license, a Texas real estate license, and he "intended to stay in Texas to pursue" a real estate career until Ulterra offered him reemployment in New Mexico. *Id*. In January 2021, he returned to New Mexico and presently lives in the same Hobbs apartment complex. *Id*.

## II. Legal Standards

"[B]ecause the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013). "Removal statutes are to be strictly construed, [ ] and all doubts are to be resolved against removal." *Fajen v. Found. Reserve*

*Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107–09 (1941)). A district court must remand a case to state court whenever the district court lacks subject matter jurisdiction over the case. *See* 28 U.S.C. § 1447(c) ("[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

One of "[t]he basic statutory grants of federal-court subject-matter jurisdiction" is contained in 28 U.S.C. § 1332, which provides for diversity of citizenship jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006) (brackets omitted). "[T]o invoke diversity jurisdiction, a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000."[1] *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) (citation and quotation marks omitted). Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant. *Id*.

For diversity jurisdiction purposes, "a person is a citizen of a state if the person is domiciled in that state." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (citation omitted). "And a person acquires domicile in a state when the person resides there and intends to remain there indefinitely." *Id*. (citing *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there.")). "The party invoking diversity jurisdiction might satisfy [its] burden by leaning on a rebuttable presumption that its domicile, once established, remains the same." *Id.* (citation omitted). "But that presumption is a rebuttable one, and the party seeking to rebut it bears only a burden of production—not persuasion." *Id.* "And if a party successfully rebuts the presumption, it disappears from the case, leaving [the

---

[1] The amount-in-controversy is not in dispute.

Court] at square one: The [party invoking jurisdiction] bears the burden of proving diversity by a preponderance of the evidence." *Id.* (citation omitted).

"[W]hen it comes to determining a person's domicile for diversity-jurisdiction purposes, a district court should consider the totality of the circumstances." *Id*. at 1200-01 (citation omitted). It is "an all-things-considered approach," and the Tenth Circuit in *Middleton* listed the following factors that "might shed light on the subject" of an individual's intent when it comes to domicile:

> the party's current residence; voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; payment of taxes; as well as several other aspects of human life and activity[.]

*Id.* (citation omitted). "No one factor controls, and the inquiry must be done on a case-by-case basis." *Pacheco v. Allen*, No. 20-CV-0146 SMV/JHR, 2020 WL 2541960, at *2 (D.N.M. May 19, 2020) (citation and quotation marks omitted).

## III. Discussion

The parties dispute the proper time for determining diversity in removed cases. Mr. Cade states that diversity must exist at the time the case is originally filed in state court, relying on the Tenth Circuit's statement that "the relevant time period for determining the existence of complete diversity is the time of the filing of the complaint." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1239 (10th Cir. 2015). Plaintiff argues that courts "routinely recognize[]" that diversity must exist at the time of removal. ECF No. 16. However, Plaintiff's cited cases in fact say that in removal cases, diversity must exist both at removal *and* when a complaint is filed. *See, e.g.*, *Chapman v. Crane Co*., 694 F. App'x 825, 828 (2nd Cir. 2017) ("[W]hen diversity of citizenship is the basis of removal, diversity must exist not only at the time

the action was filed in state court, but also at the time the case is removed to federal court."); *Pacheco*, 2020 WL 2541960, at *3 ("[I]n a removed case, complete diversity must exist both at the time of the filing of the complaint and at removal.") Thus, despite their differences, both parties agree that diversity of citizenship must, at a minimum, exist at the time Plaintiff filed his original state court complaint. The Court therefore focuses on that timeframe.

The Court concludes that Defendants have shown by a preponderance of the evidence that Mr. Cade was domiciled in Texas when Plaintiff filed his original complaint. Although his affidavit says nothing about where – if at all – he votes, holds property or bank accounts, pays taxes, and maintains church or union membership, Mr. Cade's affidavit does demonstrate that he is from Texas, attended college there, and recently lived with his parents in Texas after he lost his job in New Mexico. His Texas driver's license is relevant for diversity purposes*, State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Certainly, Mr. Cade statement that he obtained a Texas real estate license and intended to pursue a real estate career in Texas is relevant evidence of his intent. Given Mr. Cade's physical presence in Texas when the complaint was filed, his Texas driver's license, and his affidavit expressing his intent to pursue a career in Texas, the Court concludes that Mr. Cade was more likely than not a Texas citizen when the complaint was filed.

To be sure, Mr. Cade's affidavit also shows significant life connections to New Mexico. He worked in New Mexico, signed an apartment lease in the state, and presently lives in New Mexico. In addition, as Plaintiff correctly points out, Mr. Cade returned to New Mexico to resume employment with Ulterra rather than pursue a real estate career in Texas. However, even assuming that this post-complaint evidence is reviewable, the Court does not believe it evinces an inconsistent course of conduct. One's "citizenship is not necessarily lost by protracted

absence from home, where the intention to return remains." *Walden v. Broce Const. Co.*, 357 F.2d 242, 245 (10th Cir. 1966). Given that the record contains a statement of intent by Mr. Cade to pursue a career in Texas, combined with his physical presence in Texas when the complaint was filed, Defendants have convincingly demonstrated that Mr. Cade is a Texas citizen for diversity purposes.

The Court denies Plaintiff's motion for attorney's fees and costs under 28 U.S.C. § 1447(c), which provides that, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Because the Court does not remand this case, Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED that** Marcos Mata's Motion to Remand **(ECF No. 16)** and accompanying request for attorney's fees and costs are **DENIED**.

**IT IS SO ORDERED.**

SENIOR UNITED STATES DISTRICT JUDGE