UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

MARCOS MATA,

      Plaintiff,

vs.                       Civ. No. 2:21-217 JCH/GJF

CODY JOSEPH CADE and ULTERRA
DRILLING TECHNOLOGIES, LIMITED
PARTNERSHIP,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on *Plaintiff's Rule 59(E)* [sic] *Motion to Alter or Amend a Judgment, or to Reconsider the Court's Memorandum Opinion and Order Denying Plaintiff's Motion to Remand*. [ECF No. 28]. The Court, having considered the motion, briefs in support of the motion, and relevant law, finds good cause to reconsider the issue raised in the motion to remand. *Id*. On reconsideration, the Court grants the motion to remand.

**I. Background**

On December 6, 2021, the Court filed the Memorandum Opinion and Order ("MOO") [ECF No. 25], denying Plaintiff's initial motion to remand [ECF No. 16]. The Court concluded that it had subject matter jurisdiction based on diversity because Plaintiff was domiciled in New Mexico and Defendant Cade ("Cade") was domiciled in Texas at the time the complaint was filed.[1] [ECF No. 25 at 6]. In its MOO, the Court stated that "despite their differences, both parties agree

---

[1] While Ulterra Drilling Technologies, Limited Partnership, is also named as a Defendant, the status of its diversity is not contested in this matter. Therefore, the Court only addresses the citizenship and domicile of Cade.

1

that diversity of citizenship must, at a minimum, exist at the time Plaintiff *filed* his original state court complaint." [ECF No. 25 at 5] (emphasis added). Based on that agreement, the Court's analysis focused on the status of the parties at the time the complaint was filed. *Id.* The Court relied on Cade's affidavit as evidence which included declarations that he was from Texas, attended college there, and that he went to live with his parents who resided in Texas when he lost his job in New Mexico. *Id.* The Court also considered Cade's declarations that he obtained a Texas real estate license and intended to pursue a real estate career in Texas. *Id.* Based on such evidence the Court concluded that Defendants showed by a preponderance of the evidence that Cade was domiciled in Texas when the complaint was filed. *Id.* at 5.

After the MOO was filed, Plaintiff came before this Court again, still arguing that diversity was not present at both the filing of the complaint and at removal. [ECF No. 28]. Plaintiff asks the Court to reconsider its denial of Plaintiff's motion to remand. *Id*. Plaintiff states that "even if diversity was present at the time the [complaint] was filed in state court," the Court should consider his unaddressed argument that, "it was *also* required to be present at the time the case was removed to federal court." *Id.* at 4. Plaintiff, a New Mexico citizen, claims that Cade was a citizen of New Mexico at the time of removal, on March 11, 2021, and therefore was non-diverse, requiring a remand. *Id.* at 6. Cade argues in return that he was a citizen of Texas at the relevant time necessary for removal and the case was properly removed. [ECF No. 29 at 8-9].

**II. Legal Standards**

"When a federal court *denies* a motion to remand, it retains jurisdiction over the case and the proceedings continue in federal court[.]" *Schoen v. Presbyterian Health Plan, Inc.*, No. CIV. 08-0687JBWDS, 2009 WL 2450277, at *2 (D.N.M. July 29, 2009). Jurisdiction is always a preceding threshold issue. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause."). Under 28 U.S.C. § 1447(c),

a district court shall remand an action to state court if the court loses subject matter jurisdiction at any time before final judgment. Section 1447(c) provides plaintiffs with a 30-day limitation if they object to removal "on the basis of any defect in the removal procedure," however such time limit does not apply to jurisdictional defects. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 62 (1996) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Accordingly, the Court declines to analyze the parties' arguments regarding whether the Court is barred from reconsidering its MOO under Rule 59(e) or Rule 54(b) based on time limitations, or general principles regarding a reconsideration of a remand decision, because the question presented invokes a jurisdictional matter. [*See* ECF No. 28 at 3; ECF No. 29 at 6-8].

"When diversity jurisdiction is the basis for removal, diversity must exist both at the time the action is filed in state court and at the time the case is removed to federal court." *Woods v. Ross Dress for Less, Inc.*, 833 F. App'x 754, 757 (10th Cir. 2021) (citing *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570-71, 574, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004); 14C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure – Jurisdiction and Related Matters* § 3723 (4th ed., July 2020 update)). *See also Ashford v. Aeroframe Services, L.L.C.*, 907 F.3d 385, 386 (5th Cir. 2018) ("Consistent with general principles for determining federal jurisdiction, ... diversity of citizenship must exist *both* at the time of filing in state court *and* at the time of removal to federal court.") (quoting *Coury v. Prot*, 85 F.3d 244, 248-49 (5th Cir. 1996) and relying on *Stevens v. Nichols*, 130 U.S. 230, 231-32 (1889)). If the parties were lacking in diversity at removal, the Court's subject matter jurisdiction would be lost, therefore, the Court has a duty to consider Plaintiff's unaddressed argument. [ECF No. 28 at 4]. Because the Court erred by stopping short of analyzing whether the parties were diverse at the time of removal, the Court conducts a

3

restricted review on this issue. *See Kruskal v. Martinez*, 429 F.Supp.3d 1012, 1024-26 (D.N.M. 2019) (the court may "restrict its review of a motion to reconsider a prior ruling" by reducing the "depth of the court's analysis the second time around" if or when the movant presents "a clear indication – one that manifests itself without the need for an in-depth analysis or review of the facts – that the court erred.").

It has long been held that "[r]emoval statutes are to be strictly construed*." See Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). As courts of limited jurisdiction, federal courts maintain a presumption against removal jurisdiction, "which the defendant seeking removal must overcome." *See De La Rosa v. Reliable, Inc.*, 113 F. Supp. 3d 1135, 1155 (D.N.M. 2015). "The defendant seeking removal must establish that federal court jurisdiction is proper by a preponderance of the evidence." *Id*. "As the removing party, the defendant bears the burden of proving 'all jurisdictional facts and of establishing a right to removal.'" *Id.* (quoting *Bonadeo v. Lujan*, No. CIV08-0812JB/ACT, 2009 WL 1324119, at *4 (D.N.M. Apr. 30, 2009)). The Tenth Circuit has ruled that "courts must deny such jurisdiction if not affirmatively apparent on the record." *Id*. All doubts and ambiguities are to be resolved against removal. *Id*.

**III. Discussion**

In this case, Cade has not proved his assertion that he was a citizen of Texas at removal. On reconsideration the Court is again confronted with ambiguities and doubt about Cade's citizenship and domicile at such time.[2] In its initial MOO the Court relied on Cade's affidavit to conclude that he was domiciled in Texas. [ECF No. 25 at 5]. The Court concluded that given

---

[2] "[S]tate citizenship is the equivalent of domicile." *Crowely v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983).

Cade's connections to Texas and the fact that Cade was physically present in Texas when the complaint was filed, he was "more likely than not" a Texas citizen for diversity jurisdiction purposes. *Id.* However, while those factors and Cade's residency in Texas were sufficient to show diversity at the filing of the complaint, having reviewed the record and analyzed those same factors for diversity at removal, the Court is not convinced that diversity jurisdiction is still present.

On reconsideration the Court must consider where Cade was domiciled at the time of removal. Because the Court concluded he was domiciled in and a citizen of Texas at the filing of the Complaint, the Court must analyze whether Cade's domicile changed at the time of removal. "To effect a change in domicile, two things are indispensable: First, residence in a new domicile, and second, the intention to remain there indefinitely." *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983). The Court looks to the same affidavit it considered on its first review of this matter, as well as what is available in the record, as Cade has not submitted any additional documentation for consideration. [*See* ECF No. 1-2]. Looking first at Cade's residence, Cade's March 11, 2021 affidavit states that he presently lives in an apartment complex in Hobbs, New Mexico. [ECF No. 1-2 at ¶ 12]. Cade's affidavit shows that while he temporarily went to reside in his parents' home in Texas after being laid off from his New Mexico job, [ECF No. 1-2 at ¶ 7], he returned to reside in New Mexico in January 2021 as soon as he was offered reemployment with Ulterra Drilling Technologies, LP. [*Id.* at ¶ 11-12]. While residence alone is generally not enough to show domicile, "a person's place of residence is prima facie evidence of his or her citizenship." *Schmidt v. Int'l Playthings LLC*, 503 F. Supp. 3d 1060, 1082 (D.N.M. 2020).

Next, the Court looks to Cade's affidavit to discern any evidence of intent regarding a change of domicile. While Cade wants this Court to find that he was diverse based on his citizenship in Texas at removal, his affidavit does not convince the Court that his domicile remains

5

in Texas. The declarations in Cade's affidavit, detailing his connections to Texas are all drafted in a manner that convey not a present or continuing intent to be a citizen of Texas, but rather a past or prior intention. Cade's declarations about citizenship in Texas are drafted in the past tense. Cade's declarations state things such as, he "*intended* to stay in Texas to pursue" a real estate career and that he "*had* a Texas Drivers License" [sic], conveying the idea that he no longer had the same intentions. [*See* ECF No. 1-2 at ¶¶ 8, 10]. The only declaration of a present intent was that he "presently lives" in the same apartment complex he lived in, when he previously lived in Hobbs, New Mexico. Cade's affidavit and the construction of his declarations, show that while perhaps he *was* a citizen of Texas at one time, this has since changed. Cade's prompt return to and current residence in New Mexico, as well as his employment with Ulterra Drilling, Limited Partnership, are indicative of intentions to indefinitely relocate. Cade could certainly have crafted an unambiguous statement that shows he still maintains such connections to Texas and that he intended to return. However, because he did not, and because he bears the burden of proving such, the Court finds that that presumption of strictly construing the statutes of diversity jurisdiction outweighs a presumption in favor of Cade's continued domicile in Texas.

**IT IS THEREFORE ORDERED** that

1. Plaintiff's *Rule 59(e) Motion to Alter or Amend a Judgment, or to Reconsider the Court's Memorandum Opinion and Order Denying Plaintiff's Motion to Remand*, (ECF No. 28) is **GRANTED and the request for remand is GRANTED**.

2. The Court REMANDS this case to the First Judicial District Court in Santa Fe, New Mexico.

_____
SENIOR UNITED STATES DISTRICT JUDGE